UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

IN RE:     ROOS, DAVID LEE

              DEBTOR(S)              CASE NO. 3:17-bk-33815-SHB
                                                     CHAPTER 7

**Trustee's Brief in Support of Objection to Debtor's Claim of Exemption**

Comes, Ann Mostoller, Trustee and files this brief in support of her Objection to Debtor's Claim of Exemption.

**Background**

On or about March 15, 2016, David Lee Roos (Debtor) and Pamela A. Goforth (Goforth) acquired real property located at 1044 Lancewood Drive, Knoxville (property). [Doc. #26; Stip. #2-3]. The Debtor and Goforth own the property as tenants in common for life with remainder to the survivor in fee. [Doc. #26; Stip. #3]. The Debtor and Goforth are not related by blood or marriage [Doc. #26; Stip. #4] but are partners.

The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on December 27, 2017. [Doc. #1]; [Doc. #26; Stip. #1]. On Schedule C the Debtor claimed a $25,000 homestead exemption in the property under T.C.A. §26-2-301. [Doc. #26; Stip. #5]. The Debtor has custody of a minor child age fifteen (15). [Doc. #26; Stip. #6]. Ann Mostoller, Trustee (Trustee) filed a timely objection to the Debtor's claim of exemption on February 27, 2018. [Doc. #17]; [Doc. #26; Stip. #7].

A hearing on the objection was set for March 22, 2018 and the parties agreed to have the Court rule on this matter upon the submission of Stipulations and Briefs.

**Issues**

1. Whether the Debtor, David Lee Roos is entitled to claim an exemption in any amount under T.C.A. §26-2-301 in property he owns jointly as tenants in common for life with remainder to the survivor in fee.

2. Whether the Debtor's survivorship interest in 1044 Lancewood Drive, Knoxville, TN was severed by the filing of Chapter 7 under the Bankruptcy Code.

**Argument**

"The filing of a bankruptcy petition creates an estate consisting of 'all legal and equitable interests of the debtor in property as of the commencement of the case,' with certain enumerated exceptions." *In re Reeves*, 521, B.R. 827, 831 (Bankr. E.D. Tenn, 2014) (citing 11 U.S.C. § 541).

The Debtor is entitled to a fresh start and certain items are subtracted from their bankruptcy estate by virtue of the Debtor claiming those items as exempt. *Id.* (citing *In re Arwood*, 289 B.R. 889, 892 (Bankr. E.D. Tenn. 2003). See also *Schwab v. Reilly*, 560 U.S. 770, 791, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010)). Exemptions are to be liberally construed in favor of the Debtor. *In re Nipper*, 243 B.R. 33, 36 (Bankr. E.D. Tenn., 1999). Any objections to exemptions made by a party in interest must be filed within thirty-days of the concluded §341(a) meeting of creditors. Fed. R. Bankr. P. 4003(b)(1). "The objecting party bears the burden of proof by a preponderance of the evidence that the exemptions have been improperly claimed." *Reeves*, 827 at 831 (citing Fed. R. Bankr. P. 4003(c)).

I. **Whether the Debtor, David Lee Roos is entitled to claim an exemption in any amount under T.C.A. §26-2-301 in property he owns jointly as tenants in common for life with remainder to the survivor in fee.**

There are three types of concurrent ownerships in real property under Tennessee law. They consist of joint tenancy, tenancy in common, and tenancy by the entirety. *Bryan v. Bryan*, 522 S.W. 3d 392, 399 (Tenn. 2017); citing *Griffin v. Prince*, 632 S.W.2d 532, 535 (Tenn. 1982). A tenancy in common does not automatically include a right of survivorship. However, the survivorship may be created by an express intention of doing so through language in the deed. (*Bryan*, 522 S.W.3d at 401 and 404). In the case at bar, we are dealing with a tenancy in common with remainder to the survivor in fee or essentially a tenancy in common with right of survivorship. [Doc. #26; Stip. #3].

This Court, under the guidance of Judge Richard R. Stair, in the case of *In re Arwood*, held that pursuant to 11 U.S.C. §522(b)(2)(B) [now 11 U.S.C. §522(b)(3)(B)] only the Debtor's survivorship interest was an interest of the bankruptcy estate. (*In re Arwood*, 289 B.R. at 897). While *In re Arwood* dealt with property owned as tenants by the entireties and the case at bar deals with a tenancy in common with right of survivorship, the basic underlying facts are the same. The Debtor in *Arwood* and Mr. Roos both had a current survivorship interest in the real property they owned at the time of filing.

Married individuals who own property as tenants by the entireties are "...'seised of the [property as a] whole.'" (*Bryant*, 522 S.W.3d at 400; quoting *Tindell* , 37 S.W. at

1106 (quoting *Den* , 10 N.J.L. at 45 ).).  Likewise, "[t]enants in common are jointly seized of the whole estate ...." *(Bryant*, 522 S.W.3d at 400; quoting *Moore v. Cole* , 200 Tenn. 43, 289 S.W.2d 695, 697 (1956).   A tenancy by the entirety cannot be unilaterally severed.  (*Id.* at 401).  However, a "joint tenancy with an express right of survivorship may be severed by the unilateral action of one of the joint tenants..."  (*Id.* at 413).   Therefore, Mr. Roos' right of survivorship was the same as the Debtor's in *Arwood* on the date of filing.  This is true even though Mr. Roos could have unilaterally severed his right of survivorship. This fact does not change the nature of either Debtor's interest on the date of filing.  Both Debtors owned property with a non-filing party and only the survivorship interest passed to their respective bankruptcy estates on the date of filing.  (*In re Arwood*, 289 B.R. at 897)

In *Arwood*, the Trustee objected to the Debtor's claim of exemption in his right of survivorship as she has in this case.  The *Arwood* Court in its analysis noted that "bankruptcy courts in Tennessee have consistently held that '[a] debtor has no homestead exemption in the right of survivorship'." *(Id.* at 895; quoting *Nunley*, 109 B.R. at 787 (citing *In re Elsea*, 47 B.R. 142, 144 (Bankr.E.D.Tenn.1985); *Stephenson v. Gen. Motors Acceptance Corp*. (*In re Stephenson*), 19 B.R. 185, 189 (Bankr.M.D.Tenn.1982); *Ray v. Dawson (In re Dawson*), 10 B.R. 680, 684 (Bankr.E.D.Tenn.1981), aff'd 14 B.R. 822 (E.D.Tenn.1981)).  No distinction is made here as to how the survivorship in created; however, in all candor these cases cited to support the proceeding quote dealt with entireties properties.  The *Arwood* Court's ruling deals with the Debtor's right to claim a homestead exemption in a right of

-4-

survivorship that passed to the estate on the date of filing and not in the property owned as tenancy by entirety. The same would hold true in the case at bar, what passed to the estate on the date of filing was his right of survivorship not the property owned as tenants in common.

The objection in *Arwood* was sustained by the Court, which ruled that "[t]he Debtor does not have a vested homestead exemption in his survivorship interest in the Real Property." *(In re Arwood*, 289 B.R. at 897) Again, the Court does not make a distinction as to how the survivorship was created. In discussing at what point the Debtor would be entitled to a homestead exemption the Court says "[h]e does, however, have a contingent exemption in the Real Property that may only be realized if he survives his spouse and becomes fully vested in the Real Property." *(Id.* at 897). Since the debtor in *Arwood* owned the property in a tenancy by the entities with his non-filing spouse his homestead would only come into existence through the death of his spouse. Likewise, at the time of filing, the only way Mr. Roos would be entitled to a homestead exemption is if the co-owner were deceased or one of them unilaterally severed the survivorship.


II. **Whether the Debtor's survivorship interest in 1044 Lancewood Drive, Knoxville, TN was severed by the filing of Chapter 7 under the Bankruptcy Code**.

In researching this issue the Trustee found no Tennessee cases on point. Further it appears that the decisions of other Courts are not consistent on the issue of severance.

In *In re Lambert*, 34 B.R. 41, 43 (Bankr. Colo., 1983), the Court found that "the filing of a petition in bankruptcy effects a severance of any joint tenancy the debtor may have had in property and that the Trustee and the other former joint tenants of the debtor become tenants in common."  The *Lambert* Court based its decision that the joint tenancy was severed in part on legislative history stating that "'[t]he debtor's interest in property also includes `title' to property, which is an interest, just as are a possessory interest, or leasehold interest, for example.' *(Id.* quoting Senate Report No. 95-989, 95th Cong.2d Sess. 82-3 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5868.) And further, in that same report, it is stated: 'Once the estate is created, no interests in property of the estate remain in the debtor...'"  The *Lambert* Court also noted that 11 U.S.C. §363(h) allows for the sale of:

> "...'the estate's interest...and the interest of any co-owner in property in which the debtor *had*, immediately before the commencement of the case, an undivided interest as a . . . *joint tenant*. . . .' (Emphasis added by the *Lambert* Court.) Likewise, Sec. 522(b)(2)(B) provides in pertinent part that a debtor may exempt from property of the estate '. . . any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a . . . *joint tenant*. . . .'" (Emphasis added by the *Lambert* Court.)

*(Id.* at 43).  The *Lambert* Court noted that both sections were written in the past tense and "indicat[ed] that the debtor no longer holds the title that he did just prior to the commencement of the case." *(Id.* at 43).  However, the *Lambert* Court stated clearly that Bankruptcy Code allows "the Trustee [to] administer property of the estate but does not provide that the Trustee holds title to the estate property."

In contrast to *Lambert*, In *re Anthony*, 82 B.R. 386, 388 (Bankr. W.D. Pa. 1987) held that "the filing of a petition does not sever a joint tenancy with the right of

survivorship, unless the trustee actually executes against such property by attempting to sever or to sell the whole in order to liquidate such property." In *Anthony*, the Debtor was attempting to avoid the lien of a creditor against property owned as joint tenant with right of survivorship with his mother. The creditor argued that the filing of the bankruptcy severed the right of survivorship. The *Anthony* Court stated that 11 U.S.C. §363(h), (I), and (j) was permissive and allowed the Trustee to "sever the joint tenancy if the estate benefits and if the rights of the non-debtor/co-tenant are protected." (*In re Anthony*, 82 B.R. at 388).

The Appellate Court of Illinois, First District, First Division, in the case of *Maniez v. Citibank, F.S.B.* examined both *Lambert* and *Anthony* in reaching its decision that severance was not automatic upon the filing of a bankruptcy petition. (*Maniez v. Citibank, F.S.B.*, 937 N.E.2d 237, 404 Ill.App.3d 941, 344 Ill.Dec. 531 (Ill. App., 2010)). The *Maniez* Court recognized that pursuant to section 11 U.S.C. §541(a)(1) all legal and equitable interest in property belonging to the debtor becomes part of the bankruptcy estate. (*Id.* at 249 and 251) The *Maniez* Court noted that "In Illinois, the filing of a bankruptcy petition does not sever a joint tenancy" because a conveyance is required; and until the "trustee sells or otherwise disposes of the property and title passes" no conveyance has taken place; therefore, no severance had occurred. (*Id.* at 251). Until a severance takes place to destroy the right of survivorship there is no legal or equitable interest other than the survivorship interest for the Trustee to liquidate.

In Illinois as in Tennessee, joint tenants are "seized of the whole" (*Id.* at 248) and (*Bryant*, 522 S.W.3d 401). Additionally, In Illinois and Tennessee, the severance of a joint tenancy destroys the right of survivorship. (*Maniez*, 937 N.E.2d at 248) and

(*Bryant*, 522 S.W.3d 401). Lastly, in Tennessee a conveyance to a third person affects a severance and destroys the survivorship if created in a joint tenancy. (*Id*.).

The Trustee would concede that should this Court determine that the filing of a bankruptcy petition or any action by the Trustee to administer property owned as joint tenants with the right of survivorship severs the survivorship, then a Debtor would be entitled to a homestead exemption determined by a proper exemption. In this case, that would be a $25,000 homestead exemption.

## **Conclusion**

The Court in *Arwood* made it clear that a debtor could not claim a homestead exemption in a survivorship interest. It is irrelevant if the survivorship was created by operation of law in a tenancy by the entireties ownership or by express language in the deed in a tenants in common ownership. In both instances a specific action is needed in order to sever the survivorship. The tenancy by the entireties is only severed by the death of one of the spouses. Whereas, the tenants in common with the right of survivorship is severed by the death of one of the owners or by the unilateral action of one of the owners. The fact that a joint owner may unilaterally sever the survivorship does not allow them to claim a homestead exemption until the survivorship has been severed.

The *Bryant* Court made it clear that in Tennessee a conveyance by one of the co-owners in property owned as tenants in common with the right of survivorship severs the survivorship interest. The Trustee would urge this Court to follow the holdings in *Maniez* and *In re Anthony* that the mere filing of a bankruptcy petition does not sever

the tenants in common with the right of survivorship interest making it a tenants in common ownership. Further, that any severance of the survivorship interest does not occur until such time as the Trustee moves, pursuant to 11 U.S.C. §363, to sell the jointly-owned property.

Respectfully submitted.

/s/ Tracey Vought Williams
Ann Mostoller, #001146
Tracey Vought Williams, #032785
Attorneys for Trustee
Mostoller, Stulberg, Whitfield & Allen
136 South Illinois Avenue, Suite 104
Oak Ridge, TN 37830
(865) 482-4466
twilliams@msw-law.com

Certificate of Service

I hereby certify that on May 10, 2018, a true and exact copy of the foregoing Trustee's Brief in Support of Objection to Debtor's Claim of Exemption was filed electronically. Notice of this filing will be sent to the following parties by electronic mail or regular US mail as indicated below:

**Via Electronic/ECF Mail**
Tiffany DiIorio, Attorney for United States Trustee; ECF
Kimberly Cambron, Attorney for Debtor(s); ECF
All parties indicated on the Court's electronic filing receipt

/s/ Tracey Vought Williams
Attorney