# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE

| | | |
|---|---|---|
| In re: DAVID LEE ROOS, | ) | No. 3:17-BK-33815-SHB |
| | ) | Chapter 7 |
| | ) | |
| **Debtor** | ) | |

## DEBTOR'S REPLY BRIEF IN OPPOSITION TO TRUSTEE'S
## OBJECTION TO CLAIM OF EXEMPTION

COMES NOW, the Debtor, David Lee Roos, by and through his counsel of record and files this reply brief in opposition to the Trustee's Objection to the Debtor's Claim of Exemption. In support thereof, the Debtor states as follows:

### BACKGROUND

The Debtor ("Mr. Roos") stipulates to, and incorporates by reference, the Trustee's background statement and stipulations as stated in paragraphs 1-3 of her Brief in Support filed on May 10, 2018 [DOC 27].

Mr. Roos further submits that the real property located at 1044 Lancewood Drive, Knoxville, TN ("the real property") was purchased in March 2016 for $145,000.00 and the 2017 Knox County property tax appraisal is $140, 200.00. (Exhibit A) Wells Fargo is the first and

only mortgage holder on the property and the balance on the mortgage as of the date of filing was approximately $138, 441.30 as listed on Schedule D and on Mr. Roos's credit report. (Exhibit B) As stipulated to by the parties, Mr. Roos has a dependent minor child in the home and Mr. Roos claimed a homestead exemption of $25,000.00 on Schedule C. This is a modest home with an unofficial Fair Market Value ("FMV") listing price estimate of between $152,667.00 and $163,000.00.[1] (Exhibit C) Mr. Roos's homestead exemption of $25,000.00 fully exempts any potential equity in the real property.

## ISSUES

1. *Whether the Debtor, David Lee Roos, is entitled to claim an exemption in any amount under T.C.A. §26-2-301 in property he owns jointly as Tenants in Common for life with remainder to the survivor in fee.*

2. *Whether the Debtor's survivorship interest in 1044 Lancewood Drive, Knoxville, TN was severed by the filing of a Chapter 7 under the Bankruptcy Code.*

## ARGUMENT

The undersigned will address each issue in the order as listed above. Mr. Roos submits that it is necessary for this Court to address Issue 1 first and if this Court finds that Mr. Roos is entitled to his homestead exemption, then Issue 2 becomes moot. Mr. Roos further submits that if this Court decides Issue 2 first, then it still has no bearing on whether Mr. Roos is entitled to a homestead exemption.

---

[1] The unofficial FMV listing price estimate is from an internet search and is not based on a real estate agent's appraisal for sale listing purposes. The amounts reflect an estimate that a realtor would likely list the property for sale for and does not reflect the actual sale price. This is for illustrative purposes only in order to provide the Court with information of a good faith estimate of the real property's value. The values are from REMAX.com and Realtytrac.com accessed on June 7, 2018.

Issue 1: *Whether the Debtor, David Lee Roos, is entitled to claim an exemption in any amount under T.C.A. §26-2-301 in property he owns jointly as Tenants in Common for life with remainder to the survivor in fee.*

In short, Yes, Mr. Roos is entitled to claim a homestead exemption pursuant to T.C.A §26-2-301 and there is no legal basis in which to deny Mr. Roos this exemption.

Trustee Mostoller's reliance on *In re Arwood* 289 B.R. 889 (Bankr. E.D. Tenn. (2003)) is misplaced for several reasons. Specifically, 1) it does not take into account the vast differences in how the survivorship interest was created; 2) it fails to discuss the nature of Tenants in Common with Express Right of Survivorship ("TICwROS") and how it differs from Tenant by the Entireties ("TBE") as to ownership rights and obligations; and 3) the fact that co-tenants in TICwROS have always retained the right to convey their co-tenancy *without* the permission of the other co-tenant(s) where TBE does not have the right to convey. These are very important differences in the nature of the two types of ownership interests. Therefore, these issues cannot be glossed over just by simply stating that Mr. Roos had a "survivorship interest" at the time of the Chapter 7 filing and that makes it the same as TBE and thus Mr. Roos is not entitled to a homestead exemption.

In her brief, the Trustee argues that *Arwood* controls and that the survivorship interest in the real property owned by the Debtor in *Arwood* and Mr. Roos at the time of filing are identical. This is a simplistic view of the nature of Mr. Roos's ownership right in the property. Mr. Roos argues that although there are survivorship interests in both cases, they not cut from the same cloth and must be analyzed differently. The differences in how the survivorship is created dictates the rights each owner has in the property both before and after the filing of a

bankruptcy petition, as well as, the rights that a creditor has with respect to executing against the property.

*Apples and Bananas*

The difference between TICwROS and TBE is like comparing apples to bananas. Yes, they are both fruits, but they are completely different in how they grow; how they taste; and what they look like. Both fruits make wonderful snacks and fantastic pies but that is where the similarities end. TICwROS is the apple to TBE's banana.

In *Bryant v Bryant*, the Tennessee Supreme Court analyzed in depth the nature and creation of the types of joint tenancies recognized in Tennessee. [2] "At common law, the type of tenancy that results from a conveyance of real property to two or more persons depends on the whether the four unities—interest, title, time, and possession—exist at the time of conveyance." *Bryant v. Bryant*, 522 S.W.3d 392, at 399 (Tenn. 2017) *quoting* *Bennett v. Hutchens*, 133 Tenn. 65, 179 S.W. 629, 631 (Tenn. 1915) (describing the four unities as having "one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same undivided possession" (*quoting* 2 William Blackstone, Commentaries 180)); 2 Tiffany Real Prop. § 418 (3d ed. 2016) (*quoting* 2 William Blackstone, Commentaries 180). If the four unities exist at the time of the conveyance and the conveyance is made to a married couple, the conveyance results in a TBE, absent language indicating a contrary intent. *Bennett*, 179 S.W. at 631.

---

[2] Tennessee recognizes Tenants in Common, Joint Tenants, and Tenants by the Entireties. Common law Joint Tenants with Right of Survivorship was abolished by statute. Tenn Code Ann §66-1-107. Common law Tenants in Common has no right of survivorship and the owners- 2 or more- own a share and their heirs inherit the owner's share. Tenants in Common may have a right of survivorship but it must be expressed on the face of the conveying instrument. *Runions v Runions,* 207 S.W.2d 1016 (1948) Mr. Roos and Ms. Goforth have a deed with the express right of survivorship language.

TBE is reserved *exclusively* for married partners and an owner of a TBE interest may not alienate, transfer, convey, nor devise his or her interest in the property without the spouse's permission or until after the spouse has passed away. "Only a husband and wife, however, may own property as tenants by the entirety.[3] Marriage is a unique status in the law, having rights, incidents and liabilities unlike any other." *Griffin v. Prince*, 632 S.W.2d 532, 534-35 (Tenn. 1982) Married partners are considered one indivisible unit, not two individuals. *Taul v. Campbell,* 15 Tenn. 319-333 (1835) (husband and wife take but one estate, as a corporation would take, being by the common law deemed but one person.) *See also Tindell v Tindell*, 37 S.W. 1105, 1106 (1896) (holding that those who are married are not separate persons; rather they are "but one person.") A married person holding a TBE property interest may not sell or convey the present possessory interest in the property without the spouse's permission. Most importantly, TBE property may not be executed against by the creditors of only one spouse. "A creditor of only one spouse may execute a judgment against that spouse's right of survivorship but not against the spouse's present possessory interest." *Weir v. Chadwick* (*In re Chadwick*) 2011 Bankr. LEXIS 461 (Bankr. E.D. Tenn., (2011)). However, this District's Judge Parsons found that a creditor *may execute* against the present possessory ownership interests of only one of the owners holding property as TICwROS. *See In re McKain*, 455 B.R. 674, 677 (Bankr. E.D. Tenn., (2011) (… a joint tenant's interest in property, even if held with the right of survivorship, is generally subject to the claims of his individual creditors. *quoting In re Sampath,* 314 B.R. 73, 97 (Bankr. E.D. Va. 2004)) <u>This is one of the most important differences between TICwROS and TBE.</u>

---

[3] Same sex marriages are now recognized throughout the United States and are accorded the same rights, privileges, and responsibilities as opposite sex marriages. *Obergefell v. Hodges* 135 S. Ct 2584 (2015)

Mr. Roos's position is that if a creditor can both jointly and severally attach and execute upon property held as TICwROS prior to a bankruptcy filing, then the Debtor is entitled to the full exemption provided pursuant to Tennessee law. The reason this difference is so significant is that TBE property has automatic protection surrounding it – imaginary bubble wrap- that keeps the judgment creditor of one spouse from attaching and executing against TBE property. That judgment creditor may only take an interest in the married debtor's survivorship interest because the TBE owners are not yet fully vested in all rights of the property.[4] Neither married partner is fully vested because they have no individual rights in the property. The rights are as one unit. Only the surviving spouse becomes fully vested at the time the other spouse passes. The surviving spouse then holds the property in fee simple. There is no need for a married debtor to claim a separate homestead exemption in TBE property because there can be no execution against the property of only one spouse. The TBE bubble wrap has already protected the debtor spouse's interest and the only thing left to attach would be the survivorship interest.

Conversely, a TICwROS co-tenant's property is always exposed to creditors and the co-tenant's present possessory interest may be executed upon the same as if the property was held in fee simple. There is, unfortunately, no imaginary bubble-wrap automatically surrounding the TICwROS property and the debtor must then rely upon the homestead exemption to protect his or her interest in the property. This is a significant difference in the protections that are offered to the different ownership schemes. They are as different as apples and bananas.

To tie it all up neatly with a bow, Mr. Roos and Ms. Goforth at the time of filing the Chapter 7 petition were fully vested in their present possessory rights as TICwROS because

---

[4] In the undersigned counsel's opinion, it seems that selling a future interest in a possible survivorship interest is a little bit like buying a pig in a poke or a lottery ticket that doesn't get drawn on for 25- 30 more years. However, that is not an issue before the court today.

they each have the unilateral right to convey their respective share of the property *and* creditors have the right to attach and execute upon the property individually. Under the Bankruptcy Code, a debtor may exempt "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B). Since TICwROS property interests are exposed to execution by creditors, a TICwROS debtor is entitled to a homestead exemption up to the amount allowed under Tennessee law protecting that exempted property amount from process and execution. Therefore, at the case at bar, the homestead exemption protection provided to a debtor pursuant to T.C.A. § 26-2-301 and 11 U.S.C. § 522(b)(3)(B) must be afforded to Mr. Roos. To deny Mr. Roos a homestead exemption would be fundamentally unfair; would defeat the purpose of the homestead statute; and would be contrary to public policy.

Issue 2. *Whether the Debtor's survivorship interest in 1044 Lancewood Drive, Knoxville, TN was severed by the filing of a Chapter 7 under the Bankruptcy Code.*

Mr. Roos agrees with the Trustee as she stated in her brief that there are no cases on point and that the decisions of other Courts are inconsistent on this issue.

*To Sever or Not to Sever, that is the Question*

In 2017, the Tennessee Supreme Court issued its opinion in *Bryant v Bryant supra* holding that a unilateral act by a co-tenant holding property as TICwROS severs the survivorship interest. The facts in *Bryant* are quite different than the facts we have here but it is the decision

Page **7** of **10**

regarding what happens to a survivorship interest after a conveyance that is pertinent to the case at bar.

In *Bryant*, a property owner ("Grandma") executed a deed conveying property to herself and her son ("Son") with express right of survivorship. Sometime later, Grandma executed a deed conveying her interest in the property to her grandson ("Grandson"). After Grandma passed away, Son filed an action against Grandson to declare that Son was the sole owner of the property in fee simple since Son was surviving co-tenant on the first deed. Grandson argued that the conveyance to Grandson severed the survivorship interest and that Son and Grandson were now common law Tenants in Common. The Tennessee Supreme Court agreed with Grandson and held that Grandma's unilateral act of conveying her interest to Grandson in the second deed severed Son's express right of survivorship.

What does Grandma's deed have to do with Mr. Roos's bankruptcy case? The issue before the bench today is whether the filing of a bankruptcy is the same *type* of unilateral act that severs the right of survivorship as well. There are valid arguments to be made on both sides of the severance coin.

Unfortunately, since there are no cases from our federal district on point to guide us with this issue, we must determine if the filing of a bankruptcy, in and of itself, is a unilateral conveyance that severs the survivorship interest in TICwROS.

Upon the filing of a bankruptcy, a separate estate is created. 11 U.S.C.§ 541 This bankruptcy estate is a separate entity from the Debtor and is comprised of all legal or equitable interests of the debtor. If a separate estate is created upon filing and includes all property not exempted, or otherwise excluded from the estate by statute or nonbankruptcy federal law, then the creation of a separate estate is a conveyance of property from the Debtor to the estate for

administration purposes. Even though the transfer may be temporary in nature and the estate property re-vests to the Debtor at the close of the case, it is still a transfer of property.

If this Court applies the *Bryant* decision to the creation of a bankruptcy estate, then the Court could find that the creation of a bankruptcy estate is a new entity separate from the Debtor and that the Debtor's pre-petition property transferred -even if only temporarily - to the estate. When the property transferred to the estate, then the future survivorship interest severed per *Bryant*.

In the alternative, if this Court finds that the survivorship interest does not sever at the filing of a bankruptcy, then Mr. Roos would submit that his survivorship interest remains intact thoughout the bankruptcy and beyond. Since TICwROS is vastly different than TBE in its nature and rights, then Mr. Roos retains both his entitlement to an exemption *and* his survivorship interest. The rationale being that a TBE co-tenant is not fully vested in all ownership rights (cannot convey and does not vest until spouse passes away) and a TICwROS co-tenant is fully vested of all ownership rights both present and future. Therefore, regardless of whether the survivorship interest severs or not, then Mr. Roos is absolutely entitled to his homestead exemption under Tennessee law.

## **CONCLUSION**

This Court does not need to reach the issue of severance to find that Mr. Roos is entitled to his homestead exemption. However, if this Court does decide the issue, then Mr. Roos is entitled to a homestead exemption regardless of severance.

For the above stated reasons, Mr. Roos respectfully requests that this Honorable Court OVERRULE the Trustee's objection to the Debtor's claim of a homestead exemption so that Mr. Roos may move forward with his fresh start.

Respectfully submitted on June 8, 2018 by,

>*/s/ Kimberly Cambron*
>Kimberly Cambron (MI70317)
>FRESH START LAW OFFICE, PC
>1400 N. 6th Ave., Ste C3
>Knoxville, TN 37917
>Phone: (865) 850-2898
>Kim@FreshStartTennessee.com

## CERTIFICATE OF SERVICE

I certify that on June 8, 2018 a copy of the forgoing Reply to the Trustee's Brief was served as on the following:

Ann Mostoller *via ECF*
Chapter 7 Trustee

Tracey Vought Williams *via ECF*
Attorney for Chapter 7 Trustee

Tifffany DiIorio *via ECF & email*
Tiffany.Diiorio@usdoj.gov
Office of the US Trustee

David Roos
1044 Lancewood Drive
Knoxville, TN 37920
*via US Mail*

Respectfully submitted by,

>*/s/ Kimberly Cambron*
>Kimberly Cambron