**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

DAVID LEE ROOS

    Debtor

Case No. 3:17-bk-33815-SHB
Chapter 7

**MEMORANDUM ON
<u>TRUSTEE'S OBJECTION TO EXEMPTIONS</u>**

**APPEARANCES:**    MOSTOLLER, STULBERG, WHITFIELD & ALLEN
    Ann Mostoller, Esq.
    Tracey Vought Williams, Esq.
    136 South Illinois Avenue
    Suite 104
    Oak Ridge, Tennessee  37830
    Attorneys for Ann Mostoller, Chapter 7 Trustee

    FRESH START LAW OFFICE, P.C.
    Kimberly Cambron, Esq.
    1400 North 6th Avenue
    Suite C3
    Knoxville, Tennessee  37917
    Attorney for Debtors

    GWENDOLYN M. KERNEY, ESQ.
    Post Office Box 228
    Knoxville, Tennessee  37901
    Chapter 13 Trustee
    *On Amicus Curiae Brief*

**SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the Court on the Trustee's Objection to Debtor's Claim of Exemption Under T.C.A. § 26-2-301 ("Objection to Exemption") filed by Ann Mostoller, Chapter 7 Trustee ("Chapter 7 Trustee"), on February 27, 2018 [Doc. 17]. The Chapter 7 Trustee objects to Debtor's homestead exemption in the amount of $25,000.00. Debtor filed a reply on March 1, 2018 [Doc. 19]. Because there are no issues of fact and the question is solely a matter of law, the parties submitted the question on Stipulations, a Joint Statement of Issues, and briefs. [Docs. 26, 27, 29, 30.] The Chapter 13 Trustee sought permission to file an *amicus curiae* brief because the issue before the Court will affect debtors and creditors in Chapter 13 as well as Chapter 7 cases, and the Court granted permission for the *amicus* brief. [Docs. 28, 31.] The Chapter 13 Trustee filed her *amicus* brief on August 7, 2018 [Doc. 39], making this matter ripe for the Court's decision.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). This memorandum constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. 7052, 9014(c).

## I. FACTS AND THE PARTIES' POSITIONS

The Chapter 7 Trustee and Debtor stipulated the following facts. [Doc. 26.] Debtor filed the Voluntary Petition commencing this Chapter 7 case on December 27, 2017. In his Schedule B, Debtor listed an ownership interest in real property located at 1044 Lancewood Drive, Knoxville, Tennessee (the "Property"), which he valued at $145,000.00. Debtor and Pamela A. Goforth, who are unrelated by blood or marriage, own the Property "as tenants in common for life, with the remainder to the survivor in fee," as evidenced by the Warranty Deed executed on March 15, 2016, and recorded the next day with the Knox County Register of Deeds. [Doc. 26-1.] As reflected in his Schedule C, Debtor has claimed an exemption in the Property in the

2

amount of $25,000.00, specifying Tennessee Code Annotated section 26-2-301 as the statutory basis.  The Chapter 7 Trustee objects to the exemption, arguing that a homestead exemption is unavailable when the ownership interest of an individual debtor in property includes a right of survivorship.

The Chapter 7 Trustee and Debtor jointly defined the issues as:  (1) whether Debtor's survivorship interest in the Property was severed by the filing of Debtor's Chapter 7 bankruptcy case and (2) whether Debtor is entitled to claim an exemption in any amount under Tennessee Code Annotated section 26-2-301 in property that he owns jointly as tenants in common for life with remainder to the survivor in fee.  In support of her objection, the Chapter 7 Trustee primarily argues that when an individual debtor who holds an interest in property that includes a right of survivorship files for bankruptcy, only the survivorship interest becomes property of the bankruptcy estate.  Conversely, Debtor argues that a survivorship interest in property that is not held as a tenancy by the entirety can be attached and executed on by creditors such that the Tennessee exemption applies to allow Debtor to exempt his tenancy property interest under 11 U.S.C. § 522(b)(3)(B), which authorizes an exemption "to the [same] extent that such interest as a . . . joint tenant is exempt from process under applicable nonbankruptcy law."

Debtor alternatively argues that the filing of a bankruptcy petition severs the tenancy in common, which destroys the survivorship interest so that the property transferred to the bankruptcy estate does not include a survivorship interest.  The Chapter 7 Trustee disagrees, arguing that the filing of a bankruptcy petition does not automatically sever the tenancy with a right of survivorship.  The Chapter 7 Trustee concedes that if the Court determines that severance occurs by the filing of a bankruptcy petition or by any action of the Chapter 7 Trustee

to administer jointly-owned property, then "Debtor would be entitled to a homestead exemption determined by a proper exemption." [Doc. 27, p. 8.]

For her part, the Chapter 13 Trustee argues that "a debtor with an interest in jointly owned property with a right of survivorship is entitled unilaterally to sever the survivorship and sell the debtor's interest in the property under Tennessee law" so that a trustee in either Chapter 7 or Chapter 13 may sell the debtor's complete interest in the jointly owned property. [Doc. 39, p. 1.] Such a sale by a trustee would effect a severance of the survivorship right so that the property to be sold would be a mere joint tenancy or tenancy in common without a right of survivorship. Thus, the Chapter 13 Trustee asserts that Debtor is entitled to whatever exemption is available to him under Tennessee law as to his whole interest in the jointly owned property.

## II. ANALYSIS

A debtor's bankruptcy estate, consisting of all property and property interests owned at the petition date, is created at the commencement of the case. 11 U.S.C. § 541(a). Notwithstanding that "[t]he scope of the definition of 'property of the estate' under § 541(a) is intended to be broad[,]" *In re Rush*, 582 B.R. 729, 731 (Bankr. E.D. Tenn. 2018), to ensure that debtors retain sufficient property for a fresh start, § 522 authorizes exemption of certain property interests that are "subtracted from the bankruptcy estate and not distributed to creditors." *In re Arwood*, 289 B.R. 889, 892 (Bankr. E.D. Tenn. 2003) (citations omitted). In order to claim property as exempt, a debtor must file a statement listing the property and its value, the statutory basis for the exemption, and the amount of the claimed exemption. *See* Fed. R. Bankr. P. 4003(a).

Exemptions "'are determined as of the date upon which the bankruptcy case is commenced, are construed liberally in favor of debtors, and should be construed in light of the

purpose for which they are created.'" *In re Rush*, 582 B.R. at 731 (quoting *In re Kennedy*, 552 B.R. 183, 189 (Bankr. E.D. Tenn. 2016)). "[W]hen it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen." *In re Chapman*, 424 B.R. 823, 826 (Bankr. E.D. Tenn. 2010) (citations omitted).

Debtor, who has custody of a minor child, claims a $25,000.00 exemption in the Property under Tennessee's homestead exemption statute.[1] The Chapter 7 Trustee does not dispute that if Debtor is entitled to claim an exemption in the Property, he is entitled to the $25,000.00 exemption provided by this statute. Nevertheless, she argues that Debtor's ownership as a tenant in common with right of survivorship and his exemption are governed by the following holding of this Court in *Arwood*:

> In summary, the only interests presently enjoyed by the Debtor in the Real Property owned jointly with his non-filing spouse as tenants by the entireties are a right of survivorship and a right of possession. By virtue of § [522(b)(3)(B)], the only interest that became property of the Debtor's bankruptcy estate is his right of survivorship in the Real Property. The Debtor does not have a vested homestead exemption in his survivorship interest in the Real Property. He does, however, have a contingent exemption in the Real Property that may only be realized if he survives his spouse and becomes fully vested in the Real Property.

*In re Arwood*, 289 B.R. at 897.

As acknowledged by the Chapter 7 Trustee, however, Debtor owns the Property with Ms. Goforth as tenants in common with a right of survivorship, not as tenants by the entirety, as was the case in *Arwood*. Tenancy by the entirety is a property interest reserved solely for married persons wherein "each spouse is seized of the whole or the entirety and not a share, moiety, or divisible part' and ownership of the property, as a whole, fully vests in the surviving spouse upon

---

[1] Tennessee Code Annotated section 26-2-301(f) provides that "an individual who has one (1) or more minor children in the individual's custody shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) on real property that is owned by the individual and used by the individual as a principal place of residence."

the death of the other spouse." *In re Arwood*, 289 B.R. at 893 (quoting *Grahl v. Davis*, 971 S.W.2d 373, 378 (Tenn. 1998) (quoting *Sloan v. Jones*, 241 S.W.2d 506, 507 (Tenn. 1951))); *see also Bryant v. Bryant*, 522 S.W.3d 392, 399 n.3 (Tenn. 2017) ("Absent . . . language [granting a joint tenancy or tenancy in common], . . . a conveyance to married persons 'prima facie means that they are to hold by the entireties.'"). Notwithstanding these different property interests, the Chapter 7 Trustee argues that the *Arwood* holding applies to all property interests involving a right of survivorship, regardless of whether the property is owned as a tenancy by the entirety, a joint tenancy, or a tenancy in common.

Debtor responds by relying on the Tennessee Supreme Court's recent *Bryant* decision. There, the court held that "a joint tenancy with an express right of survivorship may be severed by the unilateral action of one of the joint tenants and . . . doing so converts the estate into a tenancy in common and destroys the survivorship interests of the original joint tenants." *Bryant*, 522 S.W.3d at 413-14. Debtor also relies on *In re McKain*, 455 B.R. 674, 677 (Bankr. E.D. Tenn. 2011), in which Chief Bankruptcy Judge Parsons, interpreting Virginia law, held that "a joint tenant's interest in property, even if held with the right of survivorship, is generally subject to the claims of his individual creditors[, t]he jointly held property can be partitioned, and the joint tenant's interest sold to satisfy claims against him."

Because this Court is bound by "applicable nonbankruptcy law," 11 U.S.C. § 522(b)(3)(B), it must follow the *Bryant* decision and its logical extension. The Court, therefore, finds that the survivorship interest has no impact on the availability of the homestead exemption and Debtor may claim the homestead exemption in his whole interest in the jointly owned Property.[2]

---

[2] The Court need not reach the question of whether the filing of a bankruptcy petition, in and of itself, effects a severance of the right of survivorship as a matter of law. The Court notes, however, that when a Chapter 7 trustee,

6

In *Bryant*, the Tennessee Supreme Court thoroughly discussed the three types of multi-party property ownership in Tennessee, starting with a discussion of the common law, which focuses on "whether the four unities – interest, title, time, and possession – exist at the time of conveyance." 522 S.W.3d at 399.  A tenancy by the entirety is formed when the four unities coexist and the conveyance is to a married couple. *Id.*  If the owners of the jointly held property are unmarried, a joint tenancy is created. *Id.*  At common law, joint tenancies carried a right of survivorship, *id.* at 399-400, but the common-law survivorship interest in joint tenancies was abolished by statute. *Id.* at 402-04.  "At common law, the primary difference between holding in joint tenancy and tenancy in common is that joint tenancy includes a right of survivorship between the co-tenants by operation of law, whereas tenancy in common does not." *Id.* at 400.  For both joint tenancy and tenancy in common, "each of the owners has an undivided moiety, or other proportional part, of the whole premises." *Id.* at 401 (quoting *Tindell v. Tindell*, 37 S.W. 1105, 1106 (Tenn. Ch. App. 1896)).  Indeed, "[t]he abolition of the incidental survivorship interest in joint tenancies rendered the four unities irrelevant to the question of whether a conveyance creates a joint tenancy or a tenancy in common." *Id.* at 404.  As the supreme court explained in 1969,

> Since the enactment of the Code section [abolishing the automatic right of survivorship in joint tenancies] . . . , the common-law unities requisite to joint tenancy have become academic as applied to that estate, a tenancy in common resulting if no contrary intent is expressed, whether or not the unities are present. When the intent to establish an estate by survivorship is clear, the existence or nonexistence of the unities becomes immaterial upon the idea that the rule fails where the reason fails.

---

standing in the shoes of a debtor under 11 U.S.C. § 363(b) and (h), sells a debtor's interest in jointly owned property that was conveyed to the debtor and his co-owner with a right of survivorship, the survivorship interest is severed by operation of law. *Bryant*, 522 S.W.3d at 413 ("[U]nder the common-law doctrine of severance, when one co-tenant in a joint tenancy conveys his or her interest to a third person, the joint tenancy is severed; it becomes a tenancy in common between the third person and the remaining joint tenant, and the right of survivorship is destroyed.").

*Peebles v. Peebles*, 443 S.W.2d 469, 470 (Tenn. 1969). This means that because neither joint tenancies nor tenancies in common include a survivorship interest (unless expressly provided), "both joint tenants and tenants in common have essentially the same rights, which are the 'right to use, to exclude, and to enjoy a share of the property's income.'" *Bryant*, 522 S.W.3d at 404 (quoting *United States v. Craft*, 535 U.S. 274, 280 (2002)).

That joint tenants and tenants in common hold divisible parts is the central distinction between those tenancies and tenancy by the entirety. *Id.* That is, "co-tenants in a tenancy by the entirety do not hold their interest by moieties (by parts), they hold by the entirety." *Id.* at 400. Stated more simply, spouses are treated as one person. *Id.* at 401. As explained by the Sixth Circuit Court of Appeals in *Arango v. Third National Bank (In re Arango)*, 992 F.2d 611, 613 (6th Cir. 1993) (citations omitted):

> Under tenancy by the entirety, the husband and wife *as a unit* have the right to the current use and enjoyment of the property. As individuals, they each possess a right of survivorship: if one spouse dies, then the other spouse takes the property in fee simple absolute. Each spouse may convey his or her right of survivorship without the consent of the other. However, the husband and wife's present right to use and enjoy the property may be transferred only by consent of both the husband and the wife. Therefore, a third party, such as a lien creditor, may own one spouse's right of survivorship without the consent of the other spouse, but a third party may not own a present possessory interest in the property without the approval of both spouses. Accordingly, a creditor of only one spouse may execute a judgment against only that spouse's right of survivorship but not against the spouse's present possessory interest.

The Chapter 7 Trustee's argument necessarily implies an extension of the protections of tenancy by the entirety to the other two types of tenancies solely by the express creation of a right of survivorship. No Tennessee court has so held, and the *Bryant* decision leads inescapably to a contrary conclusion. The *Bryant* court held that a joint tenant has a unilateral right to sever a joint tenancy with an express right of survivorship. Inclusion of a survivorship right does not convert the joint tenancy or tenancy in common into a tenancy by the entirety, nor does it impact

8

the particular rights of each tenant to use, exclude, and enjoy a share of the property's income. For this reason, the exemption analysis of *Arwood* is inapposite to the facts of this case.

Also, Tennessee has long allowed levy on the whole interest of one co-tenant of a tenancy in common. *See Earles v. Meaders*, 60 Tenn. 248, 251 (Tenn. 1872). Moreover, Tennessee's homestead exemption statute, which expressly applies to "jointly own[ed]" property, Tenn. Code Ann. § 26-2-301(a), has been construed to apply to joint tenancies and tenancies in common. *See In re Young*, 42 B.R. 892, 896 (Bankr. E.D. Tenn. 1984) ("It is illogical to deny any homestead right whatsoever in connection with a given residence where the undivided interest of a tenant in common is reached by creditors while recognizing the homestead right in a residence where the survivorship interest of a tenant by the entirety is involuntarily sold."). As a result, because § 522(b)(3)(B) authorizes an exemption for "an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law," Debtor's exemption claim here is good.

### III. CONCLUSION

The Court construes exemptions broadly and favorably for Debtor's benefit so long as the law allows. In addition to being contrary to Tennessee law, it would be inequitable and unfavorable to debtors for the Court to find that a survivorship interest in a tenancy in common with a right of survivorship precludes application of Tennessee's homestead exemption.

For these reasons, the Objection to Exemption is overruled, and Debtor's $25,000.00 homestead exemption shall be allowed. The Court will enter an Order consistent with this Memorandum.

9

FILED:  September 14, 2018

          BY THE COURT

          */s/ Suzanne H. Bauknight*

          SUZANNE H. BAUKNIGHT
          UNITED STATES BANKRUPTCY JUDGE